

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00259-CR

**EX PARTE** Juan Gabriel **COLORADO CARRILLO**

From the County Court, Kinney County, Texas
Trial Court No. 10367CR
Honorable Roland Andrade, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 22, 2023

AFFIRMED

Appellant Juan Gabriel Colorado Carrillo appeals the denial of his application for pretrial writ of habeas corpus. We affirm.

### BACKGROUND

On August 28, 2021, appellant Juan Gabriel Colorado Carrillo was arrested in Kinney County and charged with criminal trespass. He was appointed counsel and, on October 1, 2021, was released on bond. On April 14, 2022, the trial court issued a notice of setting for a pretrial hearing on April 29, 2022, and for a jury trial on May 9, 2022. The notice states: "Failure to appear may result in Bond Forfeiture and a Warrant of Arrest."

Colorado Carrillo alleges that after he was released on bond, the United States government removed him from this country.

Through counsel, Colorado Carrillo filed an application for a writ of habeas corpus, seeking dismissal of the charges against him for purported violations of the Fifth and Sixth Amendments to the United States Constitution and Articles I, sections 10 and 19, and V, section 1, of the Texas Constitution, alleging deprivations of due process and of his right to counsel.[1] He argued the State coordinated his removal with the federal government, leaving him unable to return to the United States for his trial setting.

The trial court denied habeas relief, and Colorado Carrillo appealed. On May 4, 2022, we stayed all proceedings in the trial court pending our decision on appeal.

## DISCUSSION

In *Ex parte Dominguez Ortiz*, we considered and rejected the argument that a noncitizen habeas applicant, arrested on criminal trespass charges under Operation Lone Star, was entitled to dismissal of the charges against him after being released on bond and removed from the country. ___ S.W.3d ___, No. 04-22-00260-CR, 2023 WL 1424651 (Tex. App.—San Antonio Feb. 1, 2023, no pet. h.) (en banc) (op. on reh'g). We concluded that the Fifth and Sixth Amendment claims the appellant asserted in that appeal were not cognizable by pretrial writ of habeas corpus. *Id*. at *7–8. The claims Colorado Carrillo asserts in this case are similar to those we addressed in *Dominguez Ortiz*. For the reasons described in that opinion, we affirm the trial court's order denying habeas relief and lift the May 4, 2022 stay.[2]

Lori I. Valenzuela, Justice

DO NOT PUBLISH

---

[1] Because Colorado Carrillo did not separately argue his state and federal constitutional claims or argue that the Texas Constitution provides different or broader protections than the United States Constitution, we address appellant's claims solely on federal constitutional grounds. *See Bohannan v. State*, 546 S.W.3d 166, 179 n.7 (Tex. Crim. App. 2017); *Jackson v. State*, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999).

[2] We deny the State's "Motion for Involuntary Dismissal of the Instant Appeal Based on the False Impression Created by Appellant's Pleadings and Argument," and the State's motion to strike Colorado Carrillo's reply brief. *See Dominguez Ortiz*, 2022 WL 17480465 at *4 n.2, *7 n.7.